IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RORY BURKHOLDER,<br><br>    Defendant. | Case No. 3:18-CR-30103-NJR-6 |

## ORDER REDUCING SENTENCE

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Defendant Rory Burkholder's Motion for Retroactive Application of Sentencing Guidelines. (Doc. 664). Burkholder seeks a reduction in sentence from 175 months' imprisonment to 156 months' imprisonment pursuant to 18 U.S.C. § 3582(c) and Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). The Government admits that Part A of Amendment 821 applies to Burkholder but opposes his request, arguing that Burkholder's conduct while incarcerated does not support a sentence reduction. (Doc. 666).

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives 1 status point. A defendant who has 6 or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives

no status points. The changes apply retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

The parties agree that applying Part A of Amendment 821 to Burkholder would decrease his criminal history category and result in a lower advisory guideline range. But the Government asserts that a reduction is not warranted when the sentencing factors set forth in 18 U.S.C. § 3553(a) are considered, including public safety concerns and Burkholder's post-sentencing conduct. Specifically, the Government notes that Burkholder has accumulated several violations in the Bureau of Prisons for possessing drugs and/or alcohol, as well as for attempting to bribe a guard. (*See* Doc. 666-1). The Government argues that Burkholder's conduct demonstrates his disregard for the law and the need to protect the public from his continued criminal conduct.

In reply, Burkholder admits that he has been caught with Suboxone, a drug intended to treat opioid addiction, but submits that these infractions relate to his ongoing struggle with drug addiction and do not involve distribution of the drug. (Doc. 675). Furthermore, the subject of the bribery was a "Honey Bun" snack, and the disciplinary record states that Burkholder claimed to be joking. (*Id.*).

Upon consideration of the record, Burkholder's motion, the Government's response, and the policy statement set forth at U.S.S.G. § 1B1.10, the Court agrees with the parties that Burkholder is eligible for a sentence reduction. Further, after considering Burkholder's disciplinary records and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that a sentence reduction is warranted in this case.

Although Burkholder had five disciplinary infractions for possession and/or use of drugs or alcohol between June 2021 and March 2023, he has already lost good conduct

time for those incidents. While the Court does not take these infractions lightly, the Court also does not intend to further punish Burkholder for those incidents, which he admits were related to his personal opioid addiction and did not involve distribution of any prohibited items. Burkholder's attempt to bribe a guard for a Honey Bun similarly does not support the Government's assertion that the public needs protection from his continued criminal conduct.

For these reasons, the Court **GRANTS** Defendant Rory Burkholder's motion (Doc. 664) and **ORDERS** that his sentence be reduced to a term of **156 months**. All other terms of the judgment in this case shall remain unchanged.

**IT IS SO ORDERED.**

DATED: February 28, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**